[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Norwalk, Connecticut on September 18, 1993. The plaintiff has been a lifelong resident of Connecticut. There are no children issue of the marriage. The evidence indicated that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff is thirty-nine years old and is gainfully employed at Pitney Bowes. The defendant, age 43 owns a preschool day nursery. Both parties enjoy good health. Both have been previously married.
This has been a short marriage. The evidence revealed that the marriage was destined to failure prior to the exchange of vows. Both parties must share some responsibility for the breakdown of their relationship.
The court has considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81 and 46b-82
in reaching the decisions reflected in the orders that follow.
The following orders may enter:
(1) No periodic alimony is awarded to either party.
(2) Each party is awarded the assets scheduled on her/his financial affidavit presented at trial.
(3) The plaintiff shall be solely responsible for the payment of the liabilities listed on his financial affidavit dated April 11, 1995. He shall indemnify and hold harmless the defendant from any liability thereon.
(4) The defendant shall be solely responsible for the payment of her automobile loan and the personal property tax bill for the 1993 Dodge Van in the approximate amount of $670. She shall indemnify and hold harmless the plaintiff from any liabilities thereon.
(5) Each party shall pay her/his own counsel fees. CT Page 4094
(6) There are three credit card obligations listed on the defendant's financial affidavit. They are, with approximate balances due, as follows:
A. Universal ATT — $ 5,782.
B. American Express — $ 7,940.
 C. Marine Midland — $ 4,183 ---------- Total (approximately) $17,905.
The defendant shall be responsible for the payment of these debts. If the defendant is required to pay any or all of these obligations, the plaintiff shall indemnify the defendant one-third of any sums actually paid by the defendant, with the plaintiff's maximum obligation to be $6,000.
(7) The plaintiff shall cooperate with the defendant if the defendant seeks her COBRA medical insurance benefits from the plaintiff's employer. Premiums due shall be the obligation of the defendant.
(8) The defendant is awarded all the personal property in her residence, including the mattress, spring and frame that were requested by the plaintiff, with the exception of the following items which the defendant shall deliver to the plaintiff no later than April 30, 1995:
A. Memory box;
B. 2 clocks which were wedding gifts;
C. Wall clock;
D. Copper pot;
E. 2 paintings;
F. Exercise bike;
G. Some Christmas ornaments.
Judgment may enter accordingly. CT Page 4095
NOVACK, J.